# UNITED STATES DISTRICT COURT
for the
Southern District of Iowa

| | | |
|---|---|---|
| United States of America<br>v.<br><br>Kelly Everett Mitchell<br><br>*Defendant(s)* | )<br>)<br>)<br>)<br>)<br>)<br>) | Case No.<br><br>3:18-mj-63 |

RECEIVED AUG 07 2018
CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF IOWA

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __10/7/17 through 5/21/18__ in the county of __Muscatine__ in the __Southern__ District of __Iowa__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Count 1 - 21 U.S.C. §§ 841(a), 841(b)(1)(C) and 846 | conspiracy to manufacture, distribute or dispense or possess with intent to manufacture, distribute or dispense controlled substances |
| Count 2 - 21 U.S.C. §§ 841(a), 841(b)(1)(C) and 846 | attempt to possess and distribute controlled substances |
| Count 3 - 18 U.S.C. § 1791 | being an inmate of a prison, knowingly and intentionally attempt to obtain prohibited objects |

This criminal complaint is based on these facts:

See the attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Matthew B. Allers, TFO, DEA
*Printed name and title*

☒ Sworn to before me and signed in my presence.

☐ Sworn to before me by telephone or other reliable electronic means.

Date: 08/07/2018

*Judge's signature*

City and state: Davenport, Iowa

Stephen B. Jackson, Jr., U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT

I, Matthew B. Allers, being duly sworn on oath, depose and state as follows:

1. I have been employed as a Special Agent by the Iowa Division of Narcotics Enforcement for the State of Iowa for over 13 years. I have been a police officer continuously working in the State of Iowa for over 17 years. I was appointed as a Task Force Officer with the Drug Enforcement Administration in September 2007. I have participated in numerous narcotic investigations involving the distribution and transportation of controlled substances, manufacture of controlled substances, and sales of controlled substances. I have participated in multiple narcotics and firearms related investigations in both supporting roles and as the lead, case agent.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit does not set forth all of my knowledge about this matter. The following contains some, but not all, of the information known to this affiant and other agents and witnesses.

3. This affidavit is in support of a criminal complaint charging KELLY EVERETT MITCHELL with federal crimes.

4. I believe probable cause exists to believe KELLY EVERETT MITCHELL, within the Southern District of Iowa, conspired with others to manufacture, distribute or dispense or possess with intent to manufacture, distribute or dispense, controlled substances, to wit: methamphetamine and phentermine in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C) and 846.

5. Further, I believe probable cause exists to believe KELLY EVERETT MITCHELL attempted to possess controlled substances, to wit: methamphetamine and phentermine within the Southern District of Iowa, MITCHELL attempted to possess the controlled substances knowingly and intentionally, and at the time MITCHELL attempted to possess the controlled substances, he intended to distribute some or all of the controlled substances to others, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C) and 846.

6. Further, I believe probable cause exists to believe KELLY EVERETT MITCHELL, being an inmate of a prison within the Southern District of Iowa, knowingly and intentionally attempted to obtain prohibited objects, to wit: methamphetamine and phentermine, in violation of Title 18, United States Code, Section 1791.

## FACTUAL BASIS

### Background

7. On May 17, 2017, a grand jury sitting in the Southern District of Iowa returned an indictment charging KELLY EVERETT MITCHELL with violations of Title 21, United States Code, Sections 841(a), 841(b)(1)(A) and 846. The case is number 3:17-cr-38. A warrant for MITCHELL's arrest issued that same date.

8. On September 25, 2017, MITCHELL was arrested pursuant to that warrant and MITCHELL made his initial appearance before the United States District Court for the Southern District of Iowa. At the initial appearance, counsel for the government made an oral motion for MITCHELL's detention. The Court temporarily granted the motion and MITCHELL was placed in the custody of the United States Marshals Service (USMS) pending a September 27, 2017 hearing on detention.

9. On September 26, 2017, pursuant to their custody, the USMS placed MITCHELL at the Muscatine County, Iowa, Jail.

10. On September 27, 2017, the hearing on detention was reset for October 4, 2017.

11. On October 4, 2017, the Court ordered MITCHELL detained in the custody of the USMS pending resolution of case number 3:17-cr-38.

12. MITCHELL has been in the custody of the USMS since September 25, 2017 and has been placed at the Muscatine County, Iowa, jail since September 26, 2017.

13. The Muscatine County Jail is located in the city of Muscatine, Iowa and is in the Southern District of Iowa.

14. Since September 26, 2017, MITCHELL has been held in USMS custody at the Muscatine County Jail by direction of and pursuant to a contract or agreement with the Attorney General.

### Mitchell's Mail and Laboratory Testing

15. On or about February 28, 2018, corrections staff at the Muscatine County Jail (hereinafter "staff") were informed by certain inmate(s) that MITCHELL was receiving methamphetamine through the mail via greeting cards which had been sprayed with liquid methamphetamine.

16. Between on or about February 28, 2018 and May 12, 2018, staff inspected certain mail possessed by MITCHELL and/or destined for MITCHELL including, but not limited to, letters, greeting cards, coloring pages and pictures. Certain of the mail carried characteristics which caused staff to be suspicious that the mail had been sprayed with liquid(s). Certain of the suspicious mail was set aside and held by staff.

17. On or about May 12, 2018, investigators collected certain items of that suspicious mail from staff. Investigators collected the following items from staff:

   a. five (5) sheets of coloring paper;
   b. a manila envelope addressed to MITCHELL at the Muscatine County Jail sent from a person identified as B.C., together with a coloring page;
   c. a coloring page with the message "Be Hopeful Stay Positive";
   d. a greeting card and an envelope addressed to MITCHELL at the Muscatine County Jail sent from a person identified as R.S.;

    e. a white envelope addressed to MITCHELL at the Muscatine County Jail with a return address that appears to be from Wales, United Kingdom;
    f. a white envelope addressed to MITCHELL at the Muscatine County Jail from a person identified as N.B.;
    g. greeting cards and an envelope addressed to MITCHELL at the Muscatine County Jail from a person identified as A.W.;
    h. greeting cards and pictures and an envelope addressed to MITCHELL at the Muscatine County Jail from a person identified as N.W.M.; and
    i. a letter and an envelope addressed to MITCHELL at the Muscatine County Jail from N.W.M.

18. On June 5, 2018, investigators submitted the items described above in paragraphs 17.a. through 17.i. (inclusive) to the Iowa Department of Public Safety Division of Criminal Investigation Criminalistics Laboratory (hereinafter "DCI lab").

19. On June 26, 2018, a criminalist employed with the DCI lab issued a report of her testing of those items. The criminalist found that the items described in paragraphs 17.a., 17.c., and 17.i. above contained methamphetamine, a Schedule II Controlled Substance. Further, the criminalist found that the items described in paragraphs 17.b. and 17.d. above contained phentermine, a Schedule IV Controlled Substance.

## Other Witnesses

20. A person herein described as Witness 1 provided information to investigators. Witness 1 is currently being held in the custody of USMS and is awaiting sentencing on federal criminal charges. Witness 1 has signed a cooperation agreement with the United States and has agreed to cooperate with this investigation and other, unrelated, investigations.

21. On or about July 5, 2018, Witness 1 provided an interview to investigators. The interview took place at the Muscatine County Jail. During that meeting, Witness 1 described certain interactions with MITCHELL while housed together at the Muscatine County Jail. During the interview, Witness 1 referred to MITCHELL as "Kelly Mitchum." Witness 1 indicated that "Mitchum" told Witness 1 that he ("Mitchum") was receiving methamphetamine in the Muscatine County Jail by way of papers and cards mailed to him which had been sprayed with liquefied methamphetamine. Witness 1 has observed "Mitchum" in his jail cell tearing pieces of paper into small pieces. Witness 1 described observing "Mitchum" being high on methamphetamine in the jail. Witness 1 described one occasion which occurred in approximately November of 2017 in which "Mitchum" gave Witness 1 a cup of coffee and told Witness 1 it contained methamphetamine. Witness 1 observed pieces of paper floating in the cup of coffee. Witness 1 consumed some of the coffee. After drinking some of the coffee, Witness 1 felt high—as if on methamphetamine. Near the conclusion of the interview with Witness 1, investigators presented a six-person photographic line-up to Witness 1. Using that line-up, Witness 1 identified a photograph of KELLY EVERETT MITCHELL as the man Witness 1 had been referring to as "Kelly Mitchum."

22. Information provided by Witness 1 has been consistent with other information gathered during this investigation. Information provided by Witness 1 in other investigation(s) with which Witness 1 is cooperating has also been consistent with other information gathered during those investigation(s).

23. A person herein described as Witness 2 provided information to investigators. Witness 2 is currently not known by your Affiant to be in custody. Witness 2 was held in the Muscatine County Jail between approximately early May of 2018 and late May of 2018 as a result of a jail sentence for a violation of Iowa law.

24. On or about July 10, 2018, Witness 2 provided an interview to investigators. The interview took place in Muscatine, Iowa. During the interview, Witness 2 told investigators that nearly immediately upon Witness 2 being placed in the "work release pod" at the Muscatine County Jail, MITCHELL and another inmate approached him. Witness 2 believed MITCHELL knew that Witness 2 had been granted the privilege of work release because MITCHELL was repeatedly asking Witness 2 to sneak drugs into the jail when Witness 2 returned from work release. Witness 2 described that MITCHELL was pressuring Witness 2 very hard to do so. Eventually, Witness 2 gave in to the pressure and, on at least two occasions, snuck ice methamphetamine into the jail by hiding the methamphetamine in the area of Witness 2's rectum. Upon his re-entry into "work release pod," Witness 2 delivered the ice methamphetamine to MITCHELL. Witness 2 did this at MITCHELL's direction and urging. In exchange for bringing the methamphetamine into the jail, MITCHELL promised to put money on Witness 2's commissary account. MITCHELL also provided Witness 2 with snacks and soda in exchange for bringing the methamphetamine into the jail. Witness 2 observed MITCHELL distribute to methamphetamine to others after Witness 2 delivered the methamphetamine to MITCHELL.

25. Witness 2 further described that MITCHELL talked about having mail sent to him which had been sprayed with methamphetamine or other drugs. MITCHELL urged Witness 2 to do the same for him (to send MITCHELL mail which had been sprayed) once Witness 2 had been released from jail. MITCHELL told Witness 2 he had women on the outside who would pay Witness 2 money for sending the mail.

26. Information provided by Witness 2 has been consistent with other information gathered during this investigation.

27. A person herein described as Witness 3 provided information to investigators. Witness 3 is currently not known by your Affiant to be in custody. Witness 3 was held in the Muscatine County Jail between approximately November of 2017 and February of 2018 as a result of a violation of parole from the Iowa Department of Corrections.

28. On or about July 12, 2018, Witness 3 provided an interview to investigators. The interview took place in Davenport, Iowa. Witness 3 had been housed in the Muscatine County Jail with MITCHELL during certain periods of Witness 3's incarceration associated with the parole violation. Witness 3 described an occasion which occurred in approximately mid-December of 2017 during which MITCHELL told Witness 3 he was receiving mail which had been "laced"

with methamphetamine. MITCHELL offered to provide Witness 3 with some of the paper "laced" with methamphetamine.

29. Information provided by Witness 3 has been consistent with other information gathered during this investigation.

30. A person herein described as Witness 4 provided information to investigators. Witness 4 is currently being held in the custody of USMS and is awaiting sentencing on federal criminal charges. Witness 4 has signed a cooperation agreement with the United States and has agreed to cooperate with this investigation and other, unrelated, investigations.

31. On or about July 12, 2018, Witness 4 provided an interview to investigators. The interview took place at the Muscatine County Jail. During that meeting, Witness 4 described certain interactions with MITCHELL while housed together at the Muscatine County Jail. At certain times while housed at the Muscatine County Jail, Witness 4 was housed with MITCHELL and with Witness 2 in an area of the jail known as "the work release pod." Witness 4 was aware that MITCHELL had been urging Witness 2 to sneak drugs into the jail since Witness 2 had joined the "work release pod." At one point while MITCHELL, Witness 2 and Witness 4 were housed together, Witness 4 recalls MITCHELL gesturing for Witness 4 to come over to an area where Witness 2 and MITCHELL already were. When Witness 4 arrived in that area, Witness 4 observed a crushed up crystalline substance on a piece of cardboard or paper. Witness 4 observed the substance as appearing like methamphetamine. MITCHELL told Witness 4 it was methamphetamine and offered Witness 4 some of the suspected methamphetamine.

32. Information provided by Witness 4 has been consistent with other information gathered during this investigation. Information provided by Witness 4 in other investigation(s) with which Witness 4 is cooperating has also been consistent with other information gathered during those investigation(s).

Based upon my training and experience, I believe probable cause exists to believe KELLY EVERETT MITCHELL, within the Southern District of Iowa, conspired with others to manufacture, distribute or dispense or possess with intent to manufacture, distribute or dispense, a controlled substance, to wit: methamphetamine and phentermine in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C) and 846.

Based upon my training and experience, I further believe probable cause exists to believe KELLY EVERETT MITCHELL attempted to possess controlled substances, to wit: methamphetamine and phentermine within the Southern District of Iowa, KELLY EVERETT MITCHELL attempted to possess the controlled substances knowingly and intentionally, and at the time KELLY EVERETT MITCHELL attempted to possess the controlled substances, he intended to distribute some or all of it to others, in violation of Title 21, United States Code, Sections 841(a), 841(b)(1)(C) and 846.

Based upon my training and experience, I further believe probable cause exists to believe KELLY EVERETT MITCHELL, being an inmate of a prison, knowingly and intentionally attempted to obtain a prohibited object within the Southern District of Iowa, to wit: methamphetamine and phentermine, in violation of Title 18, United States Code, Section 1791.

I declare under penalty of perjury that the above-foregoing facts and circumstances are true and correct the best of my knowledge and belief.

Dated this 7th day of August, 2018

_____
Matthew B. Allers
Special Agent, Iowa DNE
Task Force Officer, DEA

Subscribed and sworn to before me by Matthew B. Allers on this 7th day of August, 2018.

_____
Stephen B. Jackson, Jr.
United States Magistrate Judge
Southern District of Iowa